# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL LOAN EXCHANGE, INC., and DAVID V. LUDWIG, individually, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 08-527-GPM<br>) |
| LR RECEIVABLES CORP. and JOEL RABINOWITZ, individually, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This diversity case arises from a contract between Plaintiffs National Loan Exchange, Inc., and David Ludwig and Defendants LR Receivables Corp. and Joel Rabinowitz to buy and sell debts, and currently is before the Court on Defendants' motion to dismiss (Doc. 15). Defendants contend that, pursuant to the terms of the contract underlying this case, the sole remedy available to Plaintiffs for a breach of that contract due to non-payment lies in the enforcement of a perfected security interest, not through an action for damages. Defendants contend further that all of Plaintiffs' claims are subject to arbitration under the terms of the contract between the parties to this case. Plaintiffs argue for their part that Defendants have waived the arbitration provision in the contract by removing this case from state court, filing an answer to the complaint, and requesting dismissal of Plaintiffs' claims on their merits, thereby displaying a willingness to proceed in a judicial tribunal rather than an arbitral one. The Court will address each of these contentions of the parties in their turn.

As an initial matter, the Court notes the standard under which it must evaluate the instant

motion. On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the allegations of a complaint, not to determine the merits of a case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, a complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *Brown v. SBC Communications, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007) (internal citation omitted).

The first issue before the Court, whether Plaintiffs are entitled to proceed on their claims by way of an action for damages, does not require much attention. While it is certain that the provisions of Article 9 of the Uniform Commercial Code ("UCC") governing security interests furnish a remedy to secured creditors, it is not the exclusive remedy of such creditors. *See, e.g., Ronald V. Odette Family Ltd. P'ship v. AGCO Fin., LLC*, 129 P.3d 95, 101 (Kan. Ct. App. 2005) (holding that "Article 9 of the UCC . . . gives the secured party the right to pursue . . . any . . . remedy allowed by law."); *Hamill v. Liberty*, 724 A.2d 616, 618 (Me. 1999) (holding that remedies under Article 9 of the Maine UCC and judicial remedies "are not mutually exclusive"); *Missouri State Credit Union v. Wilson*, 176 S.W.3d 182, 185 (Mo. Ct. App. 2005) (holding that a secured creditor may reduce a claim to judgment, foreclose, or otherwise employ "any available judicial procedure").[1]

---

1. It is not clear from the record which state's UCC may apply to the secured transactions referenced by the parties to this case. The Illinois Uniform Commercial Code – Secured Transactions, 810 ILCS 5/9-101 *et seq.*, which furnishes the law this Court must apply in resolving

The remaining matter before the Court concerns whether the claims in this case are subject to arbitration and whether Defendants have waived their right to compel arbitration, questions that obviously are closely intertwined with one another. Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., provides,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Under the FAA, arbitration may be compelled if the following three elements are shown: a written agreement to arbitrate; a dispute within the scope of the arbitration agreement; and a refusal to arbitrate. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006); *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999); *Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 726 (N.D. Ill. 2006). In this instance, Plaintiffs concede that the three prongs of the test are met, nor do they seem to contest the validity of the arbitration agreement at issue in this case on any grounds other than that Defendants have waived the right to invoke it. In short, the principal matter left to be decided is that of waiver.

Because the right to arbitrate is a contractual one, it can be waived either expressly or by implication. *See Automobile Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 747 (7th Cir. 2007); *Benjamin-Coleman v. Praxair, Inc.*, 216 F. Supp. 2d

---

all substantive matters, including questions of choice of law, *see Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), contains provisions governing choice of law in secured transactions, *see* 810 ILCS 5/9-101 cmt. 4(c), but it is unnecessary, of course, for the Court to make choice of law determinations in order to decide the issues that are before it.

750, 752 (N.D. Ill. 2002). One act that implies waiver of arbitration is electing to proceed in a judicial forum. In *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995), the court explained that "an election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." *Id*. at 390. This is because while "[a]n arbitration clause gives either party the choice of an alternative, nonjudicial forum in which to seek a resolution of a dispute arising out of the contract . . . . the intention behind such clauses, and the reason for judicial enforcement of them, are not to allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums." *Id*.

Waiver of the right to compel arbitration should not be inferred without a careful examination of the facts and an evaluation of the factors permitting the conclusion that there has been a waiver by one of the parties. *See Grumhaus v. Comerica Sec., Inc*., 223 F.3d 648, 650-51 (7th Cir. 2000) (collecting cases). Moreover, a district court's findings of fact with respect to the issue of waiver are reviewed deferentially. As the *Cabinetree* court put it, "[r]eview of a finding that a party has waived its contractual right to invoke arbitration is for clear error only; it is not plenary . . . . In determining whether a waiver has occurred, the court is not to place its thumb on the scales[.]" 50 F.3d at 390. *See also Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002); *Iowa Grain Co. v. Brown*, 171 F.3d 504, 508 (7th Cir. 1999); *St. Mary's Med. Ctr. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 588-89 (7th Cir. 1992).[2]

---

2. The *Cabinetree* court noted that in making determinations about waiver courts should not weight their decisions according to "the federal policy favoring arbitration," as that policy "is, at least so far as concerns the interpretation of an arbitration clause, merely a policy of treating such clauses no less hospitably than other contractual provisions." 50 F.3d at 390. The court said also that "[t]o establish a waiver of the contractual right to arbitrate, a party need not show that it would be prejudiced if the stay were granted and arbitration ensued." *Id*.

The presumption of waiver raised by participation in judicial proceedings is, of course, just that, a presumption, which is to say that it can be rebutted under the facts of particular cases, because, the *Cabinetree* court explained,

> it is easy to imagine situations in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded.

50 F.3d at 390-91 (citations omitted). The court went on to say that "[i]n such a case prejudice to the other party, the party resisting arbitration, should weigh heavily in the decision whether to send the case to arbitration, as should the diligence or lack thereof of the party seeking arbitration – did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Id*. at 391.

On the facts presented here, the Court concludes that there has been no waiver of the right to arbitrate. The parties agree that there has been a good deal of delay in this case, but the vast majority of that delay can be laid squarely at Plaintiffs' door. Although this suit was filed in state court on November 2, 2007, service was not effected until June 26, 2008, a fact that the Court finds abnormal (in the sense employed in *Cabinetree*) given that the parties to this case are sophisticated businesspeople with a prior business relationship of, it appears from the record, about seven years' duration. Once service was effected, Defendants promptly removed the case on July 24, 2008, thereafter filing their answer as required by Rule 81 of the Federal Rules of Civil Procedure on

August 19, 2008. On November 13, 2008, the instant motion to dismiss was filed. While it perhaps is true that Defendants did not employ absolutely sterling promptitude in seeking to compel arbitration, their modest delay in doing so certainly is nothing extraordinary amid the delay endemic to the world of the law and does not shock the Court's conscience. The only prejudice Plaintiffs have pointed to as a result of the delay is that for about three months they have served fruitless discovery requests on Defendants. However, in *Cabinetree* the court specifically discounted this as prejudice sufficient to warrant a finding of waiver of the right to compel arbitration, adding laconically that "delay [is not] automatically a source of prejudice." 50 F.3d at 391.

The entire extent of Defendants' participation in this case to date has been to remove the case, to file an answer, and to raise a perfunctory, easily disposed-of challenge to the merits of Plaintiffs' claims. None of these acts, standing alone, would form the basis for a finding of waiver of the right to compel arbitration, *see Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661-62 (5th Cir. 1995) (removal); *Halim v. The Great Gatsby's Auction Gallery, Inc.*, No. 03 C 8414, 2004 WL 434191, at *6 (N.D. Ill. Mar. 5, 2004) (answer); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (motion to dismiss), and the Court fails to see how, even in the aggregate, these three acts, without more, can be regarded as substantial participation in a case. Here it is important to bear in mind the purpose underlying the doctrine of waiver, which, as discussed, is to prevent litigants from trying their luck in federal court, then opportunistically demanding arbitration if their luck turns sour. Nothing suggests that during the pendency of this case Defendants have been "weigh[ing] [their] options" and "play[ing] heads I win, tails you lose" in this Court before seeking arbitration. *Cabinetree*, 50 F.3d at 391. *See also Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) (explaining that courts employ waiver because "we do not want

parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning their suit in favor of arbitration."). The Court finds there has been no waiver of Defendants' right to compel arbitration, and the claims in this case will be ordered into arbitration.

The Court turns finally to the matter of whether, in ordering arbitration of the claims before it, to stay this case or to dismiss it. In general, where, as here, all of the claims in a case are subject to arbitration, the better practice is to dismiss the case. *See, e.g., Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Cooper v. QC Financial Servs., Inc.*, 503 F. Supp. 2d 1266, 1292 (D. Ariz. 2007); *Payton v. Nordstrom, Inc.*, 462 F. Supp. 2d 706, 709 (M.D.N.C. 2006); *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002); *Reynolds v. Halliburton Co.*, 217 F. Supp. 2d 756, 758 (E.D. Tex. 2002). Accordingly, the Court will dismiss this case.

To conclude, Defendants' motion to dismiss (Doc. 15) is **GRANTED** and this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: 2/25/2009

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge